IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cv-3958 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF ILLINOIS, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff DARRELL CRAWFORD, by and through his attorneys, Ed Fox & Associates, Ltd., brings this Complaint against the STATE OF ILLINOIS and alleges as follows:

**JURISDICTION AND VENUE**

1. The causes of action arise under § 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132 and/or § 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

2. This Court has jurisdiction under 28 U.S.C. § 1331.

3. This venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

4. At all relevant times, Plaintiff DARRELL CRAWFORD ("Plaintiff") was an inmate in the custody of the Illinois Department of Corrections and a citizen of the United States of America. Plaintiff was a qualified individual with a disability under the Americans with Disabilities Act and the Rehabilitation Act.

5. At all relevant times, the Illinois Department of Corrections ("IDOC") was an extension of the STATE OF ILLINOIS ("the State"), a public entity within the meaning of the Americans with Disabilities Act and the Rehabilitation Act. At all relevant times, IDOC received federal financial assistance for services, programs, and activities.

## FACTUAL ALLEGATIONS

6. On or about April 28, 2023, Plaintiff arrived at the Northern Reception and Classification Center ("NRC") in an ADA-compliant vehicle in his wheelchair from the DuPage County Jail.

7. Upon arrival, Plaintiff underwent a medical screening where medical professionals confirmed that he was hemiplegic and wheelchair-bound, and they issued him special permits indicating that he required ADA accommodation.

8. IDOC scheduled Plaintiff to be transported from NRC to the Sheridan Correctional Center ("Sheridan"), with the transfer set to occur on or about May 18, 2023.

9. Plaintiff learned that all ADA-compliant vehicles were in use transporting other disabled inmates, and that he would be transported in a non-ADA-compliant prison bus.

10. Plaintiff informed IDOC that transport in a non-ADA-compliant prison bus would be unsafe, objected to being transported in such a vehicle, and requested that the transfer halt until an ADA-compliant vehicle was available.

11. IDOC employees ignored Plaintiff's request. They lifted him out of his wheelchair, carried him up the steps of the non-ADA-compliant prison bus, and, while

pulling, stretching, and recklessly maneuvering his hemiplegic body, placed him into a seat without buckling him in. They then folded his wheelchair, stored it in the bus's undercarriage compartment, and transported him to Sheridan.

12. By lifting him out of his wheelchair, carrying him up the steps of the prison bus, pulling, stretching, and recklessly maneuvering his hemiplegic body, placing him into a seat without buckling him in, folding his wheelchair, storing it in the bus's undercarriage, and/or transporting him to Sheridan, IDOC prevented Plaintiff from accessing programs, services, and/or activities on the same basis as other inmates.

13. While at Sheridan, Plaintiff had a hearing set in the Iroquois County Court on or about July 13, 2023. The Iroquois County Courthouse did not have wheelchair-accessible bathrooms.

14. Knowing that the Iroquois County Courthouse did not have wheelchair-accessible bathrooms and that it took multiple hours to drive there and back, Plaintiff requested that IDOC provide him with a portable toilet. Moreover, knowing that the Iroquois County Court offered remote hearings, Plaintiff requested that he attend the hearing remotely. Furthermore, Plaintiff requested that IDOC transport him in an ADA-compliant vehicle.

15. IDOC denied Plaintiff's requests.

16. On the date of his hearing, IDOC employees placed an unstable makeshift wooden step near a non-ADA-compliant van, lifted Plaintiff out of his wheelchair, stepped onto the makeshift step to board the van, and, while pulling,

3

stretching, and recklessly maneuvering his hemiplegic body, placed him into a seat without buckling him in. They then folded his wheelchair, stored it in the van's front seat, and transported him to the Iroquois County Courthouse.

17. While at the Iroquois County Courthouse, Plaintiff could not use the bathroom. Although he tried to hold it in as long as he could, he was no longer able to, and he urinated and defecated on himself.

18. After Plaintiff's hearing, IDOC employees placed the unstable makeshift wooden step near the non-ADA-compliant van, lifted Plaintiff out of his wheelchair, stepped onto the makeshift step to board the van, and, while pulling, stretching, and recklessly maneuvering his hemiplegic body, placed him into a seat without buckling him in. They then folded his wheelchair, stored it in the van's front seat, and transported him back to Sheridan.

19. By placing an unstable makeshift wooden step near a van, lifting him out of his wheelchair, stepping onto the makeshift step to board the van, pulling, stretching, and recklessly maneuvering his hemiplegic body, placing him into a seat without buckling him in, folding his wheelchair and storing it in the van's front seat, transporting him in a non-ADA-compliant van, failing to provide him with a portable toilet, and/or refusing to attend his hearing remotely, IDOC prevented Plaintiff from accessing programs, services, and/or activities on the same basis as other inmates.

20. Plaintiff suffered from bodily pain and emotional and psychological injuries as a result. Plaintiff informed IDOC employees, but they effectively ignored him.

21. While at Sheridan, Plaintiff had a hearing set in the Vermillion County Court on or about August 15, 2023. The Vermillion County Courthouse did not have wheelchair-accessible bathrooms.

22. Knowing that the Vermillion County Courthouse did not have wheelchair-accessible bathrooms and that it took multiple hours to drive there and back, Plaintiff requested that IDOC provide him with a portable toilet. Moreover, knowing that the Vermillion County Court offered remote hearings, Plaintiff requested that he attend the hearing remotely. Furthermore, Plaintiff requested that IDOC transport him in an ADA-compliant vehicle.

23. IDOC denied Plaintiff's requests.

24. On the date of his hearing, IDOC employees placed an unstable makeshift wooden step near a non-ADA-compliant van, lifted Plaintiff out of his wheelchair, stepped onto the makeshift step to board the van, and, while pulling, stretching, and recklessly maneuvering his hemiplegic body, placed him into a seat without buckling him in. They then folded his wheelchair, stored it in the van's front seat, and transported him to the Vermillion County Courthouse.

25. While at the Vermillion County Courthouse, Plaintiff could not use the bathroom. Although he tried to hold it in as long as he could, he was no longer able to, and he urinated on himself.

26. After Plaintiff's hearing, IDOC employees placed the unstable makeshift wooden step near the non-ADA-compliant van, lifted Plaintiff out of his wheelchair, and, while pulling, stretching, and recklessly maneuvering his hemiplegic body,

5

attempted to step into the van using the makeshift step. As they did so, the step flipped, causing them to drop Plaintiff onto the ground. Plaintiff felt a popping sensation in his body.

27. Immediately thereafter, IDOC employees again placed the unstable makeshift wooden step near the non-ADA-compliant van, lifted Plaintiff off the ground, stepped onto the makeshift step to board the van, and, while pulling, stretching, and recklessly maneuvering his hemiplegic body, placed him into a seat without buckling him in. They then folded his wheelchair, stored it in the van's front seat, and transported him back to Sheridan.

28. By placing an unstable makeshift wooden step near a van, lifting him out of his wheelchair, stepping onto the makeshift step to board the van, dropping him onto the ground, pulling, stretching, and recklessly maneuvering his hemiplegic body, placing him into a seat without buckling him in, folding his wheelchair and storing it in the van's front seat, transporting him in a non-ADA-compliant van, failing to provide him with a portable toilet, and/or refusing to attend his hearing remotely, IDOC prevented Plaintiff from accessing programs, services, and/or activities on the same basis as other inmates.

29. Plaintiff suffered from pain throughout his body, became incontinent, and suffered from emotional and psychological injuries as a result. Plaintiff informed IDOC employees, but they effectively ignored him.

## PRAYER FOR RELIEF

30. The State shall pay Plaintiff general damages.

31. The State shall pay Plaintiff special damages.

32. The State shall pay Plaintiff's attorney's fees.

33. The State shall pay Plaintiff the costs of the suit herein incurred.

34. Plaintiff shall have such other and further relief as this Court may deem just and proper.

Dated: April 11, 2025

                                            Respectfully submitted,

*/s/ Peter T. Sadelski*
Peter T. Sadelski
Ed Fox & Associates, Ltd.
118 N. Clinton St., Ste. 425
Chicago, IL 60661
(312) 345-8877
petersadelski@efoxlaw.com
*Attorney for Plaintiff*